UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

**United States Courts**
**Southern District of Texas**
**FILED**

FEB 21 2013

David J. Bradley
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § |
| | § |
| 1. STEPHANIE DEMING | § |
| 2. CHRISTY NESLONEY | § |
| 3. KIMBERLY MARIE KOENIG | § |
| 4. KATHERINE MARIE RAMOS | § |
| 5. JAMES RANDAL STANDLEA | § |
| 6. DESIREE SILGUERO | § |
| 7. LELA YSOLDE HINOJOSA | § |
| 8. EMMANUEL COTTO | § |
| 9. MEGAN BROOK MORALES | § |
| 10. LAKEISHA JEANETTE REID | § |
| 11. ARTURO SALAS | § |
| 12. JAIME JORGE GARZA | § |
| 13. OSCAR JURAIDINI | § |
| 14. YVONNE SANDOVAL | § |
| 15. MARIA FERNANDA HIDALGO | § |
| 16. MELISSA LOZANO | § |
| 17. LINDSEY ELAINE SAVAGE | § |
| 18. AARON TREVINO | § |
| 19. CHRISTOPHER KARL OWENS | § |
| 20. JAMAR TREMAYNE GREEN | § |
| 21. DONTE AUBRY JONES | § |
| 22. CASEY SIMMONS | § |
| 23. JUSTIN LEONARD | § |
| 24. JUANITA BELTRAN MENDEZ | § |
| 25. NANCY STAR ONEGA | § |
| 26. DONNA SORISE | § |
| 27. CRAIG OWENS | § |
| 28. MARIA ROSE RODRIGUEZ | § |
| 29. KARLA SANCHEZ | § |
| 30. CHRISTOPHER SMITH | § |
| 31. DIXIANA LOPEZ | § |
| 32. JUAN LEDEZMA | § |

SEALED

CRIMINAL NUMBER C-

C-13-130

INDICTMENT

THE GRAND JURY CHARGES THAT:

<u>COUNT ONE</u>

<u>THE ENTERPRISE</u>

1. At all times relevant to this Indictment, the Texas Department of Criminal Justice, Correctional Institution Division (TDCJ), as established by the Texas Administrative Code Title 37, Part 6, Chapter 152, effective February 20, 2006, constituted an "enterprise", as defined in Title 18, United States Code, Section 1961 (4). The TDCJ engaged in, and its activities affected, interstate commerce.

2. At various times relevant to this Indictment, Defendants 1 through 19, and others known and unknown, were employees and associates of the TDCJ.

<u>PURPOSES OF THE ENTERPRISE</u>

3. The primary purposes of the TDCJ included the following:

a. the confinement, supervision, and rehabilitation of felons;

b. the development of a system of state and local punishment, supervision, and rehabilitation programs and facilities; and,

c. the reintegration of felons into society after release from confinement.

<u>PURPOSES OF THE DEFENDANTS</u>

4. The primary purposes of the Defendants included:

a. using their positions as employees and associates to enrich themselves by trafficking in items prohibited in the prison, including controlled substances, cell phones, and tobacco.

b. violating the legitimate purposes of the TDCJ to further their illegal schemes.

c. creating a culture of corruption inside and outside the prison that would allow

2

them to continue the racketeering activity, to protect and expand the enterprise's criminal operations.

## ROLES OF THE DEFENDANTS

5. <u>Employees</u>: At various times relevant to this Indictment, Defendants 1 through 13, were employees of the TDCJ. The employees have a duty to further the purposes of the TDCJ by ensuring that inmates follow the rules enacted, including prohibiting further criminal activity while incarcerated. The employees abused their positions of trust as employees of the TDCJ by engaging in illegal activities for the purpose of enriching themselves. The employees received bribes to bring in inter alia, cell phones, controlled substances and tobacco to the inmates, creating a culture of corruption which perverted the intended purpose of the TDCJ. The employees supplied the phones, knowing the inmates would use the phones to conduct illegal activities.

6.  <u>Facilitators</u>: At various times relevant to this Indictment, Defendants 14 through 17 acted as facilitators of the criminal activites of the employees and inmates. The facilitators participated in unlawful and other activities in furtherance of the defendant's puposes by procuring and transporting controlled substances and cell phones, and paying bribes to prison employees.

7. <u>Inmates</u>: At various times relevant to this Indictment, Defendants 18 and 19 were inmates in the TDCJ. The inmates would solicit employees to bring controlled substances and cell phones into the McConnell Unit of the TDCJ. The inmates utilized facilitators to pay the employees and to transfer money to whomever and wherever necessary to facilitate drug transactions and other crimes inside and outside the prison. The inmates utilized the cell phones to coordinate the facilitators, employees, and others, thereby making money to further the

enterprise's affairs.

## MEANS AND METHODS OF THE DEFENDANTS

8. Among the means and methods by which the defendants and others pursued the illegal purposes of the defendants were the following;

a. Defendant employees accepted or agreed to accept payment from facilitators and/or inmates as consideration for bringing contraband into the prison, including tobacco, controlled substances, and cell phones.

b. Defendants conspired to traffic in controlled substances, including marihuana and cocaine.

c. Defendants conspired to smuggle contraband, including narcotics, cellular telephones, and tobacco, into the prison, in order to protect and expand the defendants criminal operations.

d. Defendants possessed contraband, namely narcotics, cellular telephones, and tobacco, inside and outside of the prison, in order to protect and expand the defendants criminal operations.

## THE RACKETEERING VIOLATION

9. From on or about January 2005, until the date of this Indictment, both dates being approximate and inclusive, in the Southern District of Texas, the Defendants 1 through 19, together with others known and unknown to the grand jury, being persons employed by and associated with TDCJ described above, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully, and knowingly conducted and participated, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, that is, through the commission of the following acts;

Racketeering Acts One through Thirty One below.

## THE PATTERN OF RACKETEERING ACTIVITY

10. The pattern of racketeering activity as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisted of the following acts, among others:

11. Racketeering Act One-

On or about October 28, 2009, in the Southern District of Texas, Correctional Officer STEPHANIE DEMING, the defendant, did then and there while she was a public servant, namely a correctional officer for the Texas Department of Criminal Justice-Institution Division, McConnell Unit, intentionally or knowingly accept or agree to accept a benefit, to-wit: United States currency, from an inmate in the McConnell Unit, as consideration for a violation by the said defendant of a duty imposed by law on the said defendant, to-wit: that duty being to not provide a cellular telephone or other wireless communications device or a component of one of those devices to an inmate in the Texas Department of Criminal Justice-Institution Division, McConnell Unit, all in violation of Texas Penal Code Section 36.02.

12. Racketeering Act Two-

From approximately September 2009, through on or about October 2009, in the Southern District of Texas, the defendants, STEPHANIE DEMING and MEGAN BROOK MORALES did knowingly and intentionally conspire and agree together, with each other, and with other persons known and unknown to the Grand Jury, to possess with intent to distribute marihuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 846 and 841(a)(1).

13. Racketeering Act Three-

From approximately August 2008, through on or about May 2009, in the Southern

District of Texas, CHRISTY NESLONEY, the defendant, did then and there while she was a

public servant, namely a correctional officer for the Texas Department of Criminal

Justice-Institution Division, McConnell Unit, intentionally or knowingly accept or agree to

accept a benefit, to-wit: United States currency, from an inmate in the McConnell Unit, as

consideration for a violation by the said defendant of a duty imposed by law on the said

defendant, to-wit: that duty being to not provide a cellular telephone or other wireless

communications device or a component of one of those devices to an inmate in the Texas

Department of Criminal Justice-Institution Division, McConnell Unit, all in violation of Texas

Penal Code Section 36.02.

14. Racketeering Act Four-

In or about March and April, 2010, in the Southern District of Texas, the defendants,

CHRISTY NESLONEY and KIMBERLY MARIE KOENIG, did knowingly and intentionally

conspire and agree together, with each other, and with other persons known and unknown to the

Grand Jury, to possess with intent to distribute marihuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 846 and 841(a)(1).

15. Racketeering Act Five-

On or about April 9, 2010, in the Southern District of Texas, KIMBERLY MARIE

KOENIG, the defendant, did then and there while she was a public servant, namely a contract

employee for the Texas Department of Criminal Justice-Institution Division, McConnell Unit,

intentionally or knowingly accept or agree to accept a benefit, to-wit: United States currency,

from an inmate in the McConnell Unit, as consideration for a violation by the said defendant of a

duty imposed by law on the said defendant, to-wit: that duty being to not provide a cellular

telephone or other wireless communications device or a component of one of those devices to an

inmate in the Texas Department of Criminal Justice-Institution Division, McConnell Unit, all in violation of Texas Penal Code Section 36.02.

16. Racketeering Act Six-

On or about January 2009, in the Southern District of Texas, Correctional Officer KATHERINE MARIE RAMOS, the defendant, did then and there while she was a public servant, namely a correctional officer for the Texas Department of Criminal Justice-Institution Division, McConnell Unit, intentionally or knowingly accept or agree to accept a benefit, to-wit: United States currency, from an inmate in the McConnell Unit, as consideration for a violation by the said defendant of a duty imposed by law on the said defendant, to-wit: that duty being to not provide tobacco to an inmate in the Texas Department of Criminal Justice-Institution Division, McConnell Unit, all in violation of Texas Penal Code Section 36.02.

17. Racketeering Act Seven-

On or about February 2009, in the Southern District of Texas, Correctional Officer KATHERINE MARIE RAMOS, the defendant, did then and there while she was a public servant, namely a correctional officer for the Texas Department of Criminal Justice-Institution Division, McConnell Unit, intentionally or knowingly accept or agree to accept a benefit, to-wit: United States currency, from an inmate in the McConnell Unit, as consideration for a violation by the said defendant of a duty imposed by law on the said defendant, to-wit: that duty being to not provide tobacco to an inmate in the Texas Department of Criminal Justice-Institution Division, McConnell Unit, all in violation of Texas Penal Code Section 36.02.

18. Racketeering Act Eight-

In or about 2008, in the Southern District of Texas, Correctional Officer JAMES RANDAL STANDLEA , the defendant, did then and there while he was a public servant, namely

a correctional officer for the Texas Department of Criminal Justice-Institution Division, McConnell Unit, intentionally or knowingly accept or agree to accept a benefit, to-wit: five hundred dollars ($500) United States currency, from an inmate in the McConnell Unit, as consideration for a violation by the said defendant of a duty imposed by law on the said defendant, to-wit: that duty being to not provide a cellular telephone or other wireless communications device or a component of one of those devices to an inmate in the Texas Department of Criminal Justice-Institution Division, McConnell Unit, all in violation of Texas Penal Code Section 36.02.

19. Racketeering Act Nine-

In or about 2008, in the Southern District of Texas, Correctional Officer JAMES RANDAL STANDLEA , the defendant, did then and there while he was a public servant, namely a correctional officer for the Texas Department of Criminal Justice-Institution Division, McConnell Unit, intentionally or knowingly accept or agree to accept a benefit, to-wit: one thousand four hundred dollars ($1,400) United States currency, from an inmate in the McConnell Unit, as consideration for a violation by the said defendant of a duty imposed by law on the said defendant, to-wit: that duty being to not provide alcohol, and a duty not to provide a cellular telephone or other wireless communications device or a component of one of those devices to an inmate in the Texas Department of Criminal Justice-Institution Division, McConnell Unit, all in violation of Texas Penal Code Section 36.02.

20. Racketeering Act Ten-

On or about December 14, 2010, in the Southern District of Texas, Correctional Officer DESIREE SILGUERO, the defendant, did then and there while she was a public servant, namely a correctional officer for the Texas Department of Criminal Justice-Institution Division,

McConnell Unit, intentionally or knowingly accept or agree to accept a benefit, to-wit: United States currency, from an inmate in the McConnell Unit, as consideration for a violation by the said defendant of a duty imposed by law on the said defendant, to-wit: that duty being to not provide tobacco to an inmate in the Texas Department of Criminal Justice-Institution Division, McConnell Unit, all in violation of Texas Penal Code Section 36.02.

21. Racketeering Act Eleven-

On or about December 31, 2010, in the Southern District of Texas, Correctional Officer DESIREE SILGUERO, the defendant, did then and there while she was a public servant, namely a correctional officer for the Texas Department of Criminal Justice-Institution Division, McConnell Unit, intentionally or knowingly accept or agree to accept a benefit, to-wit: United States currency, from an inmate in the McConnell Unit, as consideration for a violation by the said defendant of a duty imposed by law on the said defendant, to-wit: that duty being to not provide tobacco to an inmate in the Texas Department of Criminal Justice-Institution Division, McConnell Unit, all in violation of Texas Penal Code Section 36.02.

22. Racketeering Act Twelve-

In or about June or July, 2009, in the Southern District of Texas, Correctional Officer LELA YSOLDE HINOJOSA, the defendant, did then and there while she was a public servant, namely a correctional officer for the Texas Department of Criminal Justice-Institution Division, McConnell Unit, intentionally or knowingly accept or agree to accept a benefit, to-wit: United States currency, from an inmate in the McConnell Unit, as consideration for a violation by the said defendant of a duty imposed by law on the said defendant, to-wit: that duty being to not provide a cellular telephone or other wireless communications device or a component of one of those devices to an inmate in the Texas Department of Criminal Justice-Institution Division,

McConnell Unit, all in violation of Texas Penal Code Section 36.02.

23. Racketeering Act Thirteen-

On or about August 2009, in the Southern District of Texas, Correctional Officer LELA YSOLDE HINOJOSA, the defendant, did then and there while she was a public servant, namely a correctional officer for the Texas Department of Criminal Justice-Institution Division, McConnell Unit, intentionally or knowingly accept or agree to accept a benefit, to-wit: United States currency, from an inmate in the McConnell Unit, as consideration for a violation by the said defendant of a duty imposed by law on the said defendant, to-wit: that duty being to not provide tobacco to an inmate in the Texas Department of Criminal Justice-Institution Division, McConnell Unit, all in violation of Texas Penal Code Section 36.02.

24. Racketeering Act Fourteen-

On or about October 24, 2010, in the Southern District of Texas, the defendant, EMMANUEL COTTO, did knowingly and intentionally possess with intent to distribute marihuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1).

25. Racketeering Act Fifteen-

On or about October 2010, in the Southern District of Texas, Correctional Officer EMMANUEL COTTO, the defendant, did then and there while he was a public servant, namely a correctional officer for the Texas Department of Criminal Justice-Institution Division, McConnell Unit, intentionally or knowingly accept or agree to accept a benefit, to-wit: United States currency, from an inmate in the McConnell Unit, as consideration for a violation by the said defendant of a duty imposed by law on the said defendant, to-wit: that duty being to not provide marihuana to an inmate in the Texas Department of Criminal Justice-Institution

Division, McConnell Unit, all in violation of Texas Penal Code Section 36.02.

26. Racketeering Act Sixteen-

From on or about March 2009, to on or about June 2009, in the Southern District of Texas, Correctional Officer MEGAN BROOK MORALES, the defendant, did then and there while she was a public servant, namely a correctional officer for the Texas Department of Criminal Justice-Institution Division, McConnell Unit, intentionally or knowingly accept or agree to accept a benefit, to-wit: United States currency, from an inmate in the McConnell Unit, as consideration for a violation by the said defendant of a duty imposed by law on the said defendant, to-wit: that duty being to not provide tobacco to an inmate in the Texas Department of Criminal Justice-Institution Division, McConnell Unit, all in violation of Texas Penal Code Section 36.02.

27. Racketeering Act Seventeen-

On or about June 2009, in the Southern District of Texas, the defendants, MEGAN BROOK MORALES, YVONNE SANDOVAL, and AARON TREVINO, did knowingly and intentionally conspire together, with each other, and with other persons known and unknown to the Grand Jury, to possess with intent to distribute marihuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 846 and 841(a)(1).

28. Racketeering Act Eighteen-

On or about June 24, 2009, in the Southern District of Texas, MEGAN BROOK MORALES, YVONNE SANDOVAL, and AARON TREVINO, the defendants, did then and there intentionally or knowingly agree to confer a benefit, to-wit: United States currency, to James Standlea, as consideration for a violation by the said James Standlea, who was then and there a public servant, to-wit:  a correctional officer for the Texas Department of Criminal

11

Justice-Institution Division, McConnell Unit, of a duty imposed by law on the said James

Standlea, to-wit: that duty being to not provide a cellular telephone or other wireless

communications device or a component of one of those devices to an inmate in the Texas

Department of Criminal Justice-Institution Division, McConnell Unit, all in violation of Texas

Penal Code Section 36.02.

 29. Racketeering Act Nineteen-

 On or about November 2009, in the Southern District of Texas, Correctional Officer

LAKEISHA JEANETTE REID, the defendant, did then and there while she was a public

servant, namely a correctional officer for the Texas Department of Criminal Justice-Institution

Division, McConnell Unit, intentionally or knowingly accept or agree to accept a benefit, to-wit:

United States currency, from an inmate in the McConnell Unit, as consideration for a violation

by the said defendant of a duty imposed by law on the said defendant, to-wit: that duty being to

not provide a cellular telephone or other wireless communications device or a component of one

of those devices to an inmate in the Texas Department of Criminal Justice-Institution Division,

McConnell Unit, all in violation of Texas Penal Code Section 36.02.

 30. Racketeering Act Twenty-

 From on or about March 2009, to on or about April 2010, in the Southern District of

Texas, the defendant, LAKEISHA JEANETTE REID, did knowingly and intentionally conspire

with other persons known and unknown to the Grand Jury, to possess with intent to distribute

marihuana, a Schedule I controlled substance.

 In violation of Title 21, United States Code, Sections 846 and 841(a)(1).

 31. Racketeering Act Twenty-One-

 From on or about January 2011, to on or about August 2011, in the Southern District of

Texas, the defendants, ARTURO SALAS, LINDSEY ELAINE SAVAGE, and CHRISTOPHER

KARL OWENS, did knowingly and intentionally conspire together, with each other, and with

other persons known and unknown to the Grand Jury, to possess with intent to distribute

marihuana, a Schedule I controlled substance, and cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 846 and 841(a)(1).

32. Racketeering Act Twenty-Two-

From on or about January 2011, to on or about August 2011, in the Southern District of

Texas, Correctional Officer ARTURO SALAS, defendant, did then and there while he was a

public servant, namely a correctional officer for the Texas Department of Criminal

Justice-Institution Division, McConnell Unit, intentionally or knowingly accept or agree to

accept a benefit, to-wit: United States currency, from defendants LINDSEY ELAINE SAVAGE

and CHRISTOPHER CARL OWENS, as consideration for a violation by the said defendant

ARTURO SALAS of a duty imposed by law on the said defendant ARTURO SALAS, to-wit:

that duty being to not provide a controlled substance to an inmate in the Texas Department of

Criminal Justice-Institution Division, McConnell Unit, all in violation of Texas Penal Code

Section 36.02.

33. Racketeering Act Twenty-Three-

In or about 2011, in the Southern District of Texas, defendant  LINDSEY ELAINE

SAVAGE did then and there intentionally or knowingly confer or agree to confer a benefit,

to-wit: United States currency to correctional officers, as consideration for a violation by the said

correctional officers, who were then and there public servants, of a duty imposed by law on the

said correctional officers, to-wit:  that duty being to not provide a controlled substance to an

inmate in the Texas Department of Criminal Justice-Institution Division, McConnell Unit, all in

violation of Texas Penal Code Section 36.02.

34. Racketeering Act Twenty-Four-

On or about April 2, 2010, in the Southern District of Texas, Correctional Officer JAIME JORGE GARZA, the defendant, did then and there while he was a public servant, namely a correctional officer for the Texas Department of Criminal Justice-Institution Division, McConnell Unit, intentionally or knowingly accept or agree to accept a benefit, to-wit: eight hundred dollars ($800) in United States currency, from defendant MARIA FERNANDA HIDALGO, as consideration for a violation by the said defendant JAIME JORGE GARZA of a duty imposed by law on the said defendant JAIME JORGE GARZA, to-wit: that duty being to not provide a controlled substance to an inmate in the Texas Department of Criminal Justice-Institution Division, McConnell Unit, all in violation of Texas Penal Code Section 36.02.

35. Racketeering Act Twenty-Five-

On or about May 2, 2010, in the Southern District of Texas, Correctional Officer JAIME JORGE GARZA, the defendant, did then and there while he was a public servant, namely a correctional officer for the Texas Department of Criminal Justice-Institution Division, McConnell Unit, intentionally or knowingly accept or agree to accept a benefit, to-wit: five hundred dollars ($500) United States currency, from defendant MELISSA LOZANO, as consideration for a violation by the said defendant JAIME JORGE GARZA of a duty imposed by law on the said defendant JAIME JORGE GARZA, to-wit: that duty being to not provide a cellular telephone or other wireless communications device or a component of one of those devices to an inmate in the Texas Department of Criminal Justice-Institution Division, McConnell Unit, all in violation of Texas Penal Code Section 36.02.

36. Racketeering Act Twenty-Six-

14

On or about May 23, 2010, in the Southern District of Texas, Correctional Officer JAIME JORGE GARZA, the defendant, did then and there while he was a public servant, namely a correctional officer for the Texas Department of Criminal Justice-Institution Division, McConnell Unit, intentionally or knowingly accept or agree to accept a benefit, to-wit: United States currency, from an inmate in the McConnell Unit, as consideration for a violation by the said defendant of a duty imposed by law on the said defendant, to-wit: that duty being to not provide a cellular telephone or other wireless communications device or a component of one of those devices to an inmate in the Texas Department of Criminal Justice-Institution Division, McConnell Unit, all in violation of Texas Penal Code Section 36.02.

37. Racketeering Act Twenty-Seven-

From on or about February 2010, to on or about May 2010, in the Southern District of Texas, the defendants, JAIME JORGE GARZA and MARIA FERNANDA HIDALGO, did knowingly and intentionally conspire together, with each other, and with other persons known and unknown to the Grand Jury, to possess with intent to distribute marihuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 846 and 841(a)(1).

38. Racketeering Act Twenty-Eight-

From on or about February 2010, to on or about May 2010, in the Southern District of Texas, the defendants, JAIME JORGE GARZA and MELISSA LOZANO, did knowingly and intentionally conspire together, with each other, and with other persons known and unknown to the Grand Jury, to possess with intent to distribute marihuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 846 and 841(a)(1).

39. Racketeering Act Twenty-Nine-

On or about December 25, 2012, in the Southern District of Texas, Correctional Officer OSCAR JURAIDINI, the defendant, did then and there while he was a public servant, namely a correctional officer for the Texas Department of Criminal Justice-Institution Division, McConnell Unit, intentionally or knowingly accept or agree to accept a benefit to-wit: United States currency, from an inmate in the McConnell Unit, as consideration for a violation by the said defendant of a duty imposed by law on the said defendant, to-wit: that duty being to not provide cocaine to an inmate in the Texas Department of Criminal Justice-Institution Division, McConnell Unit, all in violation of Texas Penal Code Section 36.02.

40. Racketeering Act Thirty-

On or about November 2012, in the Southern District of Texas, the defendant, OSCAR JURAIDINI, did knowingly and intentionally conspire with other persons known and unknown to the Grand Jury, to possess with intent to distribute marihuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 846 and 841(a)(1).

All in violation of 18 United States Code Section 1962 (c).


<u>COUNT TWO</u>

On or about February 2011, in the Corpus Christi Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant, Correctional Officer

JAMAR TREMAYNE GREEN,

did knowingly and intentionally conspire and agree with other persons known and unknown to the Grand Jury, to possess with intent to distribute a controlled substance. This violation involved less than five (5) grams of 3,4-methylenedioxy methamphetamine (ecstasy), a Schedule

I controlled substance.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(C).

## COUNT THREE

From or about January 2009, to on or about March 2011, in the Corpus Christi Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant, Correctional Officer

### DONTE AUBRY JONES,

did knowingly and intentionally conspire and agree with other persons known and unknown to the Grand Jury, to possess with intent to distribute a controlled substance.  This violation involved less than fifty (50) kilograms of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(D).

## COUNT FOUR

From or about August 2009, to on or about April 2010, in the Corpus Christi Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant, Correctional Officer

### CASEY SIMMONS,

did knowingly and intentionally conspire and agree with other persons known and unknown to the Grand Jury, to possess with intent to distribute a controlled substance.  This violation involved less than fifty (50) kilograms of marihuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(D).

## COUNT FIVE

From or about May 2012, to on or about October 2012, in the Corpus Christi Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant, Correctional Officer

### JUSTIN LEONARD,

did knowingly and intentionally conspire and agree with other persons known and unknown to the Grand Jury, to possess with intent to distribute a controlled substance. This violation involved less than five hundred (500) grams of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(C).

## COUNT SIX

From on or about August 2007, and up to and including the date of this indictment, in the Corpus Christi Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

### JUANITA BELTRAN MENDEZ,

did knowingly and intentionally conspire with other persons known and unknown to the Grand Jury, to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, then well knowing that the financial transactions involved the proceeds of some form of unlawful activity, that is, an offense listed in Title 18, Section 1961 (1) (racketeering activity), which property involved in the financial transactions represented the proceeds of a specified unlawful activity, that is racketeering activity, and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the said specified unlawful activity, namely racketeering activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and (h).


## COUNT SEVEN

From on or about January 2005, and up to and including the date of this indictment, in

the Corpus Christi Division of the Southern District of Texas and elsewhere within the

jurisdiction of the Court, the defendants,

NANCY STAR ONEGA, DONNA SORISE, and CHRISTOPHER SMITH,

did knowingly and intentionally conspire together, with each other, and with other persons

known and unknown to the Grand Jury, to conduct and attempt to conduct financial transactions

affecting interstate and foreign commerce, then well knowing that the financial transactions

involved the proceeds of some form of unlawful activity, that is, an offense listed in Title 18,

Section 1961 (1) (racketeering activity), which property involved in the financial transactions

represented the proceeds of a specified unlawful activity, that is racketeering activity, and

knowing that the transactions were designed in whole or in part to conceal and disguise the

nature, location, source, ownership, and control of the proceeds of the said specified unlawful

activity, namely the racketeering activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and (h).


## COUNT EIGHT

From on or about May 2011, and up to and including the date of this indictment, in the

Corpus Christi Division of the Southern District of Texas and elsewhere within the jurisdiction

of the Court, the defendant,

CRAIG OWENS,

did knowingly and intentionally conspire and agree with other persons known and unknown to the Grand Jury, to possess with intent to distribute a controlled substance. This violation involved less than fifty (50) kilograms of marihuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(D).


## COUNT NINE

From on or about January 2007, and up to and including the date of this indictment, in the Corpus Christi Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

### MARIA ROSE RODRIGUEZ

did knowingly and intentionally conspire with other persons known and unknown to the Grand Jury, to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, then well knowing that the financial transactions involved the proceeds of some form of unlawful activity, that is, an offense listed in Title 18, Section 1961 (1) (racketeering activity), which property involved in the financial transactions represented the proceeds of a specified unlawful activity, that is racketeering activity, and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the said specified unlawful activity, namely racketeering activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and (h).


## COUNT TEN

From or about January 2007, and up to and including the date of this indictment, in the Corpus Christi Division of the Southern District of Texas and elsewhere within the jurisdiction

20

of the Court, the defendant,

MARIA ROSE RODRIGUEZ,

did knowingly and intentionally conspire and agree with other persons known and unknown to the Grand Jury, to possess with intent to distribute a controlled substance. This violation involved more than five hundred (500) grams of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(B).

COUNT ELEVEN

From on or about January 2008, and up to and including the date of this indictment, in the Corpus Christi Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

KARLA SANCHEZ,

did knowingly and intentionally conspire with other persons known and unknown to the Grand Jury, to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, then well knowing that the financial transactions involved the proceeds of some form of unlawful activity, that is, an offense listed in Title 18, Section 1961 (1) (racketeering activity), which property involved in the financial transactions represented the proceeds of a specified unlawful activity, that is racketeering activity, and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the said specified unlawful activity, namely racketeering activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and (h).

21

COUNT TWELVE

From on or about January 2009, and up to and including the date of this indictment, in the Corpus Christi Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

DIXIANA LOPEZ,

did knowingly and intentionally conspire with other persons known and unknown to the Grand Jury, to possess with intent to distribute a controlled substance. This violation involved less than five hundred (500) grams of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(c).


COUNT THIRTEEN

From on or about March 2010, to on or about April 2010, in the Corpus Christi Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

JUAN LEDEZMA,

did knowingly and intentionally conspire with other persons known and unknown to the Grand Jury, to possess with intent to distribute a controlled substance. This violation involved more than five hundred (500) grams of a mixture or substance containing methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).

A TRUE BILL:
ORIGINAL SIGNATURE ON FILE
FOREPERSON OF THE GRAND JURY

KENNETH MAGIDSON
UNITED STATES ATTORNEY

By: _____

MARK PATTERSON
Assistant United States Attorney